In the Matter of the Application of WILLIAM J. O'LEARY, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

*Application for reinstatement as principal of an evening high school — his right is not affected by his acceptance after his removal from the high school of the position of principal of an evening elementary school.*

The fact that a person illegally removed from the position of principal of an evening high school in the city of New York has accepted an appointment as principal of an evening elementary school in that city and has entered upon the performance of his duties, does not affect his right to maintain a proceeding to compel his reinstatement as principal of the evening high school.

APPEAL by the petitioner, William J. O'Leary, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of October, 1902, denying the petitioner's application for an alternative writ of mandamus.

*Conrad Saxe Keyes,* for the appellant.

*James McKeen* [ *Walter S. Brewster* with him on the brief], for the respondent.

GOODRICH, P. J.:

The only fact which distinguishes this appeal from that in *Matter of Cusack* v. *Board of Education* (*ante*, 470) is that the petitioner, who is principal of Grammar School No. 5, not having been appointed as principal of one of the evening high schools, has been appointed to and accepted the position of principal of an evening elementary school, whereby his salary has been reduced from seven dollars to five dollars per night. This proceeding was commenced July 15, 1902, after the appointment of the principals of the four evening high schools. The appointment of the petitioner as principal of the elementary school was made December 8, 1901. He was illegally removed from the position of principal of an evening high school, and his acceptance of the other position and the performance of its duties cannot defeat his right to contend against such removal.

The order should be reversed and a peremptory writ granted for the reinstatement of the petitioner.

WOODWARD, HIRSCHBERG and JENKS, JJ., concurred; BARTLETT, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and peremptory writ of mandamus granted for the reinstatement of the applicant.